

FILED
2011 MAR 28 A 10: 42
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Eric A. Dupree (Bar # 88260)
   DUPREE LAW, aplc
2  1715 Strand Way, Suite 203
   Coronado, CA 92118
3  Phone: (619) 522-8700
   Fax: (619) 522-8787
4  E-mail: edupree@dupreelaw.com

5  Attorneys for Petitioner
   RICK O. CARTER
6                                  E-filing
7

8             UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION          EMC

11

12                                    No. 11          1472
   RICK O. CARTER
13
                Petitioner,            )
14                                     )   PETITION FOR ENTRY OF
                                       )   JUDGMENT IN ACCORDANCE
15  v.                                 )   WITH DECLARATION OF
                                       )   DEFAULT PURSUANT TO 33 U.S.C. §
16  CALEB BRETT, L.L.C, employer, and  )   918(a)
    LIBERTY MUTUAL INSURANCE CO.,      )
17  carrier,                           )
                Respondents.           )
18  _____ )

19        1. This matter arises under section 18(a) of the Longshore and Harbor Workers' Compensation

20  Act ("Longshore Act"), 33 U.S.C. § 918(a), as hereinafter more fully appears.

21        2. Petitioner Rick O. Carter was the recipient of an award in a "Decision and Order" of the U.S.

22  Department of Labor, Benefits Review Board, issued April 16, 2009, and a subsequent clarifying

23  "Order" issued August 18, 2010.

24        3. Respondents are the employer found liable to Petitioner therein, Caleb Brett, LLC, and its

25  insurer under the Longshore Act, Liberty Mutual Insurance Co., who are jointly and severally liable

26  to Petitioner under the above-described Decision and Order of the Benefits Review Board.

27        4. Attached to this Petition as Exhibit 1 is a true and certified copy of a Supplementary

28  Order Declaring Default filed by the District Director for District 13, and served on Respondents by

                                         1

               PETITION FOR ENTRY OF DEFAULT JUDGMENT

1    certified mail on March 18, 2011. Such Supplementary Order declares a default by respondents in

2    paying compensation that fell due pursuant to the earlier Decision and Order of the Benefits Review

3    Board, and was properly made and served in accordance with section 18(a) of the Longshore Act, 33

4    U.S.C. § 918(a). *See, e.g., Providence Washington Insurance Co. v. Director, OWCP*, 765 F.2d

5    1381 (9th Cir. 1985). Accordingly, the Supplementary Order was "final" when issued, and not

6    subject to the administrative review procedures applicable to adjudications of disputes on claims

7    under the Act other than determinations of defaults under existing awards (at least where, as here, the

8    amount declared in default has not been promptly paid, *cf. Sea-Land Service, Inc. v. Barry*, 41 F.3d

9    903, 906-07 (3d Cir. 1994)). *Providence Washington*, and authorities cited therein.

10    5. **Intradistrict Assignment**. The office of the District Director for District 13 is located in San

11    Francisco, California, within the geographical territory of the Northern District of California. The San

12    Francisco Division of this Court has jurisdiction, and appropriate venue, to enter judgment summarily

13    for the amount declared in default by the District Director's Supplementary Order, upon the filing of the

14    attached certified copy, under section 18(a) of the Longshore Act, 33 U.S.C. § 918(a).

15    6. By express provision of section 18(a) of the Longshore Act, "[n]o fee shall be required for

16    filing the supplementary order nor for entry of judgment thereon." Further, the general provisions of the

17    Federal Rules of Civil Procedure are inapplicable to this proceeding for entry of judgment on the

18    Supplementary Order, insofar as inconsistent with the intended summary enforcement procedure, and

19    hence service of process is not required. *See generally Abbott v. Louisiana Insurance Guarantee Ass'n*,

20    889 F.2d 626 (5th Cir. 1989), *cert. denied*, 494 U.S. 1082 (1990); *Jourdan v. Equitable Equipment Co.*,

21    889 F.2d 637 (5th Cir. 1989); *Schmit v. ITT Federal Electric Int'l*, 986 F.2d 1103 (7th Cir. 1993), *aff'g*

22    780 F. Supp. 1213 (N.D. Ill. 1991). *Cf. Edwards v. Director, OWCP*, 932 F.2d 1325 (9th Cir. 1991);

23    *Providence Washington, supra.*

24    7. In addition, upon the entry of the judgment sought hereby and proper application, Petitioner

25    is entitled to the award of a reasonable fee for his attorneys' services in the successful prosecution of the

26    instant enforcement proceedings, to be paid by Respondents in addition to the amount of the judgment

27    on the Supplementary Order, pursuant to section 28 of the Longshore Act, 33 U.S.C. § 928. *E.g.,*

28    *Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 952-54 (9th Cir. 2007); *Brown v. Newport News*

**PETITION FOR ENTRY OF DEFAULT JUDGMENT**

1 | *Shipbuilding & Dry Dock Co.*, 376 F.3d 245 (4th Cir. 2004).

2 | WHEREFORE, Petitioner demands entry of judgment against Respondents (a) summarily on
3 | the Supplementary Order, for payment to Edgar Viets, DC in the amount of $3,223,20, plus interest
4 | thereon to the date of judgment and continuing until paid, and for posting of a deposit in the amount of
5 | $5,000.00 with the Treasurer of the United States, pursuant to section 14(i) of the Longshore Act, 33
6 | U.S.C. § 14(i); and (b) for reasonable fees for Petitioner's attorneys' services in the present enforcement
7 | proceedings, in an amount to be determined by the Court pursuant to application, on notice to
8 | Respondents, following entry of judgment on the Supplementary Order.

9 |                              Respectfully submitted,

10 |

11 |

12 | Eric A. Dupree
   | Attorney for Petitioner
   | RICK O. CARTER

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**3**

**PETITION FOR ENTRY OF DEFAULT JUDGMENT**

# EXHIBIT 1

**U. S. DEPARTMENT OF LABOR**
**OFFICE OF WORKERS' COMPENSATION PROGRAM**
**Division of Longshore and Harbor Workers**
**90 7th Street, Suite 15100**
**San Francisco, CA 94103-6716**
**Tel: (415)625-7669 Fax: (415)625-7470**



In the matter of the claim for compensation under the Longshore
and Harbor Workers' Compensation Act.

<u>Rick Carter</u>
Claimant

MAR 21 2011

**SUPPLEMENTARY ORDER**

**DECLARING DEFAULT**

<u>Caleb Brett, LLC</u>
*Employer*

Liberty Mutual Insurance Co
<u>Insurance Carrier</u>

Case Number: 08-102004

Claimant asserts that the Employer/Carrier has not paid all that has currently fallen due
under a compensation order and that it is in default of its obligations under that order.
This assertion constitutes a request for declaration of a default pursuant to Section 18(a),
33 U.S.C. § 918(a). Employer/Carrier was notified of this request on June 18, 2010 and
provided an opportunity to respond.

BACKGROUND

This office filed and served the decision of Administrative Law Judge Thomas Schneider
on October 16, 1996, ordering the Employer/Carrier to pay compensation and medical
benefits to Claimant for a 1991 neck and back injury. The 1996 order awarded Claimant
compensation for Permanent Total Disability commencing October 1, 1993 and future
medical treatment for his injury. The order incorporated stipulations submitted by
Employer/Carrier and claimant.

The Stipulations incorporated into the order included one stating:

> The employer will furnish the employee with medical services in accordance
> with provisions of Section 7 of the Act and will continue to so provide as
> long as treatment is deemed both reasonable and necessary to cure the
> effects of the subject injury. Claimant previously designated Edgar Viets,
> D.C., of Klamath Falls, Oregon, as his treating physician, and it is agreed

that Dr. Viets can continue as the primary treating physician. The employer confirms that it will also pay for past reasonable and necessary medical bills related to the injury, and will hold claimant harmless from said bills consistent with the mandate of Section 7.

Dr. Edgar Viets, D.C., is a licensed chiropractor. Claimant treated with Dr. Viets for ten years prior to any controversy over payment being raised by Employer/Carrier. Dr. Viets' treatment of Claimant includes manual manipulation of a subluxation of the spine which he personally performs.  His office also bills for additional services consisting of myofascial release and ultrasound (collectively "massage therapy"). Dr. Viets is listed as the doctor for all of these entries but Traci Oliver, a licensed massage therapist who was employed by Dr. Viets from April 2006 to December 2007, performed the massage therapy starting on May 22, 2006.  The massage therapy helped facilitate Dr. Viets' manipulation of the Claimant's subluxated spine by loosening up muscles, increasing the range of motion, and sometimes decreasing the amount of pain that Claimant experiences.  Dr. Viets asserts that the massage therapy makes his manipulations of the subluxation work much better and that if he did not employ a massage therapist, it would be in the Claimant's best interest to refer him to a massage therapist outside his office.

Employer/Carrier refused to pay Dr. Viets' bills for myofascial release beginning February 22, 2006 and for ultrasound treatment beginning May 9, 2007. This issue was the subject of informal conferences on August 3, 2007 and October 8, 2007.  In 2007, OWCP recommended payment of Dr. Viets' outstanding bills.  Employer/Carrier rejected these recommendations and the case was subsequently referred to the Office of Administrative Law Judges.

The case was assigned to Administrative Law Judge Gerald Etchingham. On December 13, 2007, the ALJ granted in part the Employer/Carrier's motion for summary decision finding that the unpaid disputed treatment provided by Dr. Viets was not reimbursable because it exceeded the regulations' provision that limits compensable chiropractic treatment to manual manipulations to treat subluxations. 20 C.F.R. § 702.404. On June 24, 2008, the ALJ issued a decision and order denying benefits. The decision addressed the issue of whether the outstanding medical bills for services performed by Traci Oliver and submitted for payment by Dr. Edgar Viets, a chiropractor and Claimant's treating physician, are reimbursable services.  The ALJ found that the massage therapy treatment performed by Traci Oliver was reasonable and necessary to the medical treatment of Claimant's work-related injury.  The ALJ acknowledged that case law establishes that chiropractic treatment integral to and inseparable from manual manipulation of the spine is compensable.  However, the ALJ found that the massage therapy in issue here was not integral and inseparable from the manual manipulation of the spine.  Thus, the ALJ found that the Employer/Carrier was not obligated to pay for the services performed by Oliver and billed by Dr. Viets.

The Claimant appealed to the Benefits Review Board  but appealed only the compensability of the services rendered by Oliver and did not challenge the ALJ's determination that massage therapy rendered by Dr. Viets was not compensable.  BRB No. 08-0741 at 3 n. 3. In a decision issued April 16, 2009, the Board reversed Judge Etchingham's 2008 decision denying Employer/Carrier's liability for the medical services

in question.[1]

Employer/Carrier appealed to the United States Court of Appeals for the Fifth Circuit and that appeal remains pending.

On June 23, 2010; June 25, 2010 and August 23, 2010 this office held informal conferences addressing Employer/Carrier's refusal to pay the medical expenses in question.

RELEVANT PROVISIONS OF LAW

Section 7(a) of the Act states: The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital services, medicine, crutches, and apparatus, for such period as the nature of the injury or the process of recovery may require.

Section 18(a) of the Act states in pertinent part: "[i]n case of default by the employer in the payment of compensation due under any award of compensation for a period of thirty days after the compensation is due and payable, the person to whom such compensation is payable may, ... make application to the [District Director] ... for a supplementary order declaring the amount of the default."

The Act's implementing regulations state in 20 CFR 702.101 (a): Medical care shall include medical, surgical, and other attendance or treatment, nursing and hospital services, laboratory, X-ray and other technical services, medicines, crutches, or other apparatus or prosthetic devices, and any other medical service or supply, including the reasonable and necessary cost of travel incident thereto, which is recognized as appropriate by the medical profession for the care and treatment of the injury or disease.

And 20 CFR 702.404 provides in pertinent part: The term *physician* includes doctors of medicine (MD), ... [and] chiropractors .... The term includes chiropractors only to the extent that their reimbursable services are limited to treatment consisting of manual manipulation of the spine to correct a subluxation shown by X-ray or clinical findings.

---

[1]    On April 27, 2010 the Board entered an order awarding Claimant's counsel attorney fees to be paid by Employer/Carrier. The Board also issued an order dated August 18, 2010 in response to Claimant's motion to clarify the Board's April 16, 2009 decision. Employer/Carrier has continued to refuse to pay Dr. Viets' massage therapy bills contending that the Board merely reversed the ALJ but did not affirmatively enter an order making an award to Claimant. The Board's August 18, 2010 order clarified that its April 16, 2009 decision did constitute an order making an award of medical treatment and obligated Employer/Carrier to pay Dr. Viets' bills for Oliver's massage therapy services. The Board noted that if Employer/Carrier failed to pay for the medical benefits in question in accordance with the Board's April 2009 order, Claimant's remedy is to seek enforcement under Section 18 or Section 21 (d) of the Act.

3

## POSITIONS OF THE PARTIES

In a petition dated November 18, 2010, Claimant requests that the District Director: (1) declare Employer/Carrier in default on its obligation to provide the medical benefits ordered by the Benefits Review Board; (2) order Employer/Carrier to make a deposit to the U.S. Treasury in the amount of $25,000.00 to secure payment for continued care; and (3) certify to the U.S. District Court for the Northern District of California the facts regarding Employer/Carrier's default with a request for contempt sanctions.

Employer/Carrier has responded to Claimant's request for a supplemental order declaring default by contending that they are not in default due to the failure of the Board to explicitly order it to pay the medical expenses awarded. Based on the parties' submissions and my investigation pursuant to Section 18(a), the District Director makes the following:

## FINDINGS OF FACT

The Benefits Review Board decision dated April 16, 2009 constitutes an order for Employer/Carrier to pay Edgar Viets' bills for massage therapy treatment performed by Traci Oliver between February 22, 2006 and December 2007. The ALJ denied the claim for payment of those medical bills and the Board reversed the ALJ. No further action is required to impose liability on Employer/Carrier for the claimed amount. I specifically find that it is not necessary to resort to extra–record facts which might potentially be subject to dispute in order to calculate the amount due under the Board's April 16, 2009 decision. The record contains the bills for treatment performed by Oliver in Dr. Viets' office and Employer/Carrier did not challenge the amount – only whether they were compensable. Therefore, there is sufficient undisputed evidence regarding the amount in controversy before the Board in the form of Joint Exhibit 3 that was entered into the record before ALJ Etchingham.

The Benefits Review Board has issued no Stays of Payment under section 21(b)(3) of the Act and Employer/Carrier has not requested a Stay.

Employer/Carrier has failed to pay Dr. Viets' bills for massage therapy treatment performed by Traci Oliver between February 22, 2006 and December 2007 as ordered by the Board.

Dr. Viets' bills for massage therapy treatment performed by Traci Oliver between February 22, 2006 and December 2007 are in the amount of $3,223.20. This amount has been determined from ALJ Joint Exhibit 3, which includes in part the billing records for the medical care provided to Claimant by Dr. Viets' office. Pages 3-9 of Joint Exhibit 3 show 52 unpaid myofascial release treatments between May 2006 and December 2007 totaling $3,054.80 and 8 ultrasound treatments during that time period totaling $168.40.

In light of Employer/Carrier's actions, it is advisable to require Employer/Carrier to make a deposit with the Treasurer of the United States to secure the prompt and convenient payment of the compensation ordered by the Board on April 16, 2009.

4

## CONCLUSIONS OF LAW

Section 18(a) of the Act provides a mechanism for enforcing compensation orders, such as the Board's April 16, 2009 order, that have not yet become final. Section 18(a) provides in pertinent part, "[i]n case of default by the employer in the payment of compensation due under any award of compensation for a period of thirty days after the compensation is due and payable, the person to whom such compensation is payable may, ... make application to the [District Director] ... for a supplementary order declaring the amount of the default." 33 U.S.C. § 918(a). Here, Employer/Carrier has not paid Dr. Viets' bills as required under the Board's order and has been in default for more than thirty days subsequent to April 16, 2009.

To the extent that there is any question, it is also established that a claimant's right to payment of medical benefits is included within the term "compensation" for the purposes of enforcement under Section 18(a). *Lazarus v. Chevron USA, Inc.*, 958 F.2d 1297, 1303 (5th Cir. 1992). Because I have found that Employer/Carrier is in default of the Board's April 16, 2009, the Claimant is entitled to a supplemental order declaring default under the terms of Section 18(a). Accordingly, I will issue such an order.

In addition to a default order, Claimant also requests other relief. In support of its request that this office certify to the U.S. District Court for the Northern District of California the facts regarding Employer/Carrier's default with a request for contempt sanctions, Claimant cites Section 27(b) of the Act and *A-Z International v. Phillips*, 323 F.3d 1141 (9th Cir. 2003). I decline to issue such a certification. In holding that the district court lacked jurisdiction over A-Z's complaint seeking to hold the injured worker in contempt for filing a fraudulent claim for benefits under the LHWCA (as extended by the OCSLA), the Ninth Circuit held that the LHWCA contained a mechanism other than contempt sanctions to specifically deal with fraudulent claims before an ALJ. The Act specifically provides a different process for fraudulent claims in Section 31. For that reason, the A-Z court held that in enacting Section 27(b), Congress did not intend to authorize a district court to hold a claimant in contempt for filing a fraudulent claim for benefits.

The LHWCA contains a specific mechanism other than contempt sanctions to specifically deal with an employer/carrier's failure to pay compensation in accordance with an order. The Act provides a different process for defaulting on compensation orders in Sections 18(a) and 21(d). Indeed, the Act expressly provides that "proceedings for ... enforcing a compensation order, ... shall not be instituted otherwise than as provided by 33 U.S.C. §§ 918 and 921." 33 U.S.C. § 921(e). Thus, because I am issuing a supplementary order declaring default under Section 18(a), there is no need to consider whether Section 27(b) might also authorize certification of facts to a district court in order to hold an employer/carrier in contempt for failing to comply with a compensation order. Accordingly, because the district court's authority may be properly invoked under Section 18(a) for the Employer/Carrier's default, I decline to certify the facts of Employer/Carrier's non-compliance with the Board's April 16, 2009 order to the district court under Section 27(b).

Section 14(i) of the Act authorizes the District Director to require any employer to make a deposit with the Treasurer of the United States to secure the prompt and convenient

5

payment of compensation "whenever the [District Director] deems it advisable." 33 U.S.C. § 914(i). I deem it advisable in this case because Dr. Viets is Claimant's treating physician and Employer/Carrier's non-payment of Dr. Viets' bills for the massage therapy performed by Traci Oliver may disrupt the doctor-patient relationship Claimant has with Dr. Viets.

## IT IS ORDERED THAT:

Employer/Carrier is Ordered to pay Dr, Viets' bills for massage therapy treatment performed by Traci Oliver between February 22, 2006 and December 2007.

The amount of such default is hereby determined and declared to be $3,223.20 pursuant to the Board's order dated April 16, 2009.

Employer/Carrier is further Ordered to post a deposit of $5,000.00 pursuant to Section 14(i) of the Act with the Treasurer of the United States. Upon the posting of the $5,000.00 deposit, I shall order payment therefrom upon the amount awarded by the Benefits Review Board on April 16, 2009 to Edgar Viets, .D.C., for massage therapy treatment related to the industrial injury in the defaulted amount of $3,223.20.

Given under my hand and filed at
San Francisco, Ca this day of
March 18, 2011

District Director
13th Compensation District

6

## CERTIFICATE OF FILING AND SERVICE

I certify that the foregoing Compensation Order was filed in the Office of the District Director, 13th Compensation District, and that a copy thereof was mailed on said date by certified mail to the parties and their representatives at the last known address of each as follows:

Rick O Carter
1510 Lookout
Klamath Falls, OR 97601

Eric Dupree
Attorney at Law
1715 Strand Way, #203
Coronado, CA 92118

John R. Walker
Smith & Carr, P.C.
4900 Woodway Suite 1200
Houston, TX 77056

R. Todd Bruiininks
District Director
13th Compensation District
U. S. Department of Labor
Employment Standards Administration
Office of Workers' Compensation Programs

Mailed:   March 18, 2011.

7