**\*E-Filed 10/20/11\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RICK O. CARTER,

      Petitioner,

  v.

CALEB BRETT, LLC., et al.,

      Respondents.
_____/

**No. C 11-1472 RS**

**ORDER DENYING MOTION TO DISMISS AND GRANTING PETITION FOR ENTRY OF JUDGMENT**

## I. INTRODUCTION

Pursuant to § 918(a) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950 ("the Longshore Act"), petitioner Rick O. Carter seeks entry of a judgment in the amount of $3,220.20, to enforce a supplementary order declaring default issued by Department of Labor Office of Workers' Compensation Program ("OWCP"). The sum represents reimbursement for expenses Carter incurred in obtaining chiropractic treatment for injuries he suffered while employed by respondent Caleb Brett, LLC. Caleb Brett, in turn, moves to dismiss this petition, or in alternative, to enter a judgment declaring that Carter is entitled to no further chiropractic treatment. For the reasons explained below, Carter's petition will be granted, and Caleb Brett's motion to dismiss and alternative request for cross-relief will be denied.

## II. BACKGROUND

On October 16, 1996, the OWCP ordered Caleb Brett to compensate Carter for neck and back injuries he suffered while working for Caleb Brett in Texas City, Texas, in 1991. Caleb Brett was obligated to pay for medical services to continue as long as they were "reasonable and necessary." The compensable medical services were to include "manual manipulation of subluxation of the spine" by Carter's treating physician, Dr. Edgar Viets. Caleb Brett provided compensation for this treatment without dispute until 2006.

Starting in May 2006, Dr. Viets employed Traci Oliver, a licensed massage therapist, to perform myofascial release and ultrasound (collectively "massage therapy") as a part of Carter's medical treatment. Caleb Brett refused to pay Dr. Viets' bills for massage therapy beginning in 2006. After informal conferences failed to resolve the dispute, it was referred to an Administrative Law Judge ("ALJ"). The ALJ ruled in favor of Caleb Brett, finding: (1) the massage therapy treatment was reasonable and necessary to Carter's treatment, but (2) because it was not "integral [to] and inseparable" from the covered treatment of "manual manipulation of the spine," it was not compensable.

Carter appealed to the Benefits Review Board. In April of 2009, the Board reversed the ALJ's decision denying payment for the massage therapy rendered by Oliver, finding that the only requirement for compensability of treatment is that it be "reasonable and necessary" and that the ALJ erred in applying an "integral and inseparable" test. Caleb Brett's subsequent appeal of this decision is still pending before the Fifth Circuit.

After the Board's ruling, Caleb Brett took the position that it need not pay Dr. Viets' bills because the Board's decision did not expressly order it to do so. Carter ultimately obtained a Supplemental Order Declaring Default in the amount $3,220.20 from the District Director of the OWCP.

### III. LEGAL STANDARD

The Longshore Act was explicitly designed to provide "a quick and inexpensive mechanism for the prompt enforcement of unpaid compensation awards." *Providence Wash. Ins. Co. v. Director, Office of Workers' Comp. Programs*, 765 F.2d 1381, 1384-85 (9th Cir. 1985). The parties agree that this matter arises under section 18(a) of the Longshore Act, which requires a district court to enter judgment for the amount declared in default if the supplementary order "is in accordance with law." 33 U.S.C. § 918(a). It is the court's sole duty "to determine whether the order was issued in accordance with law," *Providence,* 765 at 1384, and "the Court may not assess the procedural or substantive correctness of an underlying compensation order." *Tisdale v. American Logistics,* 2008 U.S. Dist. LEXIS 119929, at *8-9 (N.D. Cal. Apr. 4, 2008) (citing *Severin v. Exxon Corp.*, 910 F.2d 286, 290 (5th Cir. 1990)).

### IV. DISCUSSION

A. <u>Venue</u>

Section 18(a) of the Longshore Act allows a petitioner to receive a judgment for compensation due by filing a certified copy of a supplementary order of default with the clerk of the federal district court for the judicial district "in which the employer has his principal place of business or maintains an office, or for the judicial district in which the injury occurred." 33 U.S.C. § 918(a). Caleb Brett asserts that it now goes by the name of Intertek USA, Inc., a Louisiana Corporation, although the record is unclear as to the details of the change in corporate form and name. Caleb Brett argues that venue is improper because: (1) Caleb Brett/Intertek's principal place of business is in Houston, Texas; (2) Caleb Brett, LLC currently has no offices in California; and (3) the injury occurred in Texas City, Texas. There is no dispute, however, that Intertek maintains numerous offices in California, including offices in San Francisco County, San Mateo County, and Santa Clara County. Although Caleb Brett contends it is "unable to connect the legal dots" between the former LLC and the present corporation, by its own admission Intertek is the legal successor of

the Caleb Brett group of companies. It has not shown that venue here is improper or that circumstances warrant a transfer to the Southern District of Texas.

### B. In Accordance With Law

Section 18 of the Longshore Act provides that a court "shall upon the filing of the copy enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law." Caleb Brett argues that the supplementary order in dispute was not made "in accordance with law" because: (1) Carter's petition for a supplementary order was not timely, and; (2) the underlying decision of the Board does not represent a "final order," as it is currently on appeal before the Fifth Circuit Court of Appeals and it did not specify the amount of compensation due or provide a means of calculating the correct amount without resort to extra-record facts.

#### 1. Statute of Limitations

Section 18(a) of the Longshore Act provides: "[i]n case of default by the employer . . . the person to whom such compensation is payable may, within one year after such default, make application . . . [for] a supplementary order declaring the amount of the default." Caleb Brett argues that because Carter did not file his formal petition for a supplemental order until more than a year after the claimed default, it was not timely.

The record reflects, however, that the parties were engaged in informal proceedings before the OWCP no later than the fall of 2009 to resolve the issue, well within the statutory period.[1]

---

[1] Rather than submitting a copy of the informal complaint he made to the OWCP, Carter has provided a letter from Caleb Brett to the OWCP dated September 11, 2009 in response to that complaint. Caleb Brett's response recites that Carter had sent a letter to the OWCP dated August 17, 2009, "regarding a requested default order." It is unclear why Carter has not provided a copy of the August 17, 2009 informal complaint letter. The record is further clouded by Caleb Brett's submission of a letter dated August 12, 2009, which it argues is the letter to which it was responding. Caleb Brett dismisses the date discrepancy as a "typographical error," but offers no explanation as to how the August 12th letter, which was not addressed to the OWCP, could have been the one to which it was referring in its September 11th letter. Although Carter could and should have made a stronger evidentiary showing as to exactly how and when he initiated the informal complaint process, there is no genuine dispute that the matter was in fact presented to the

4

Caleb Brett has not shown that, notwithstanding these proceedings, Carter was also required to file a formal petition for a supplementary order within a year of the claimed default.

### 2. Final Order

A supplemental order of default is subject to attack on grounds that it was not made "in accordance with law," if the underlying compensation order was not "a final decision and order." *See Severin*, 910 F.2d at 289. Contrary to Caleb Brett's contention, however, the mere fact an appeal of the underlying order is pending before the Fifth Circuit does not render it non-final for the purposes of this rule. Indeed, the very provision authorizing such appeals provides, "[a]ny person adversely affected or aggrieved by a *final order* of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred." 33 U.S.C. § 921(c) (emphasis added). Furthermore, the statute provides that "[t]he payments of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless ordered by the court" and "no stay shall be issued unless irreparable injury would otherwise ensue to the employer or the carrier." 33 U.S.C. § 921(c). No such stay issued here. Accordingly, the appeal did not relieve Caleb Brett of its payment obligations under the Board's ruling, and the supplementary order of default cannot be characterized as an improper effort to enforce a non-final decision.

Caleb Brett further argues that the Board's decision was not a "final order" because it did not specify the amount of compensation due or provide a means of calculating the correct amount without resort to extra-record facts potentially subject to genuine dispute. *See Severin*, 910 F.2d at 289. The supplemental order of default, however, specifically found "it is not necessary to resort to extra-record facts which might potentially be subject to dispute in order to calculate the amount due under the Board's April 16, 2009 decision," because "[t]he record contains the bills for treatment performed by Oliver in Dr. Viets' office and [Caleb Brett] did not challenge the amount – only whether they were compensable." This Court "may not assess the procedural or substantive

OWCP and that it thereafter conducted a series of informal conferences in an attempt to resolve the controversy.

correctness" of the supplementary order, merely whether it is "in accordance with law," and must accept the District Director's factual findings without review. *Severin*, 910 F.2d at 290. Accordingly, Caleb Brett has failed to show that the order was not made in conformance with law. Its motion to dismiss must therefore be denied, and Carter's petition granted.[2]

### V. CONCLUSION

Respondent's motion to dismiss is denied. The petition is granted. A separate judgment in petitioner's favor in the amount of $3220.20 will be entered.

IT IS SO ORDERED.

Dated: 10/20/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[2] Additionally, Caleb Brett has not shown that its request for affirmative relief is properly before the Court in this proceeding or that it is warranted by the merits.