IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RICK O. CARTER,

        Petitioner,

  v.

CALEB BRETT, LLC., et al.,

        Respondents.

**No. C 11-1472 RS**

**ORDER AFTER REMAND GRANTING MOTION FOR ATTORNEY FEES**

Petitioner Rick O. Carter brought this proceeding pursuant to § 918(a) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950 ("the Longshore Act"), which was explicitly designed to provide "a quick and inexpensive mechanism for the prompt enforcement of unpaid compensation awards." *Providence Wash. Ins. Co. v. Director, Office of Workers' Comp. Programs*, 765 F.2d 1381, 1384-85 (9th Cir. 1985). Carter successfully obtained a judgment in the amount of $3,220.20, the full amount of his claim, representing reimbursement for expenses he incurred in obtaining chiropractic treatment for injuries suffered while employed by respondent Caleb Brett, LLC.[1]  Carter thereafter filed a motion seeking to recover $22,585.00 in attorney fees and $268.50 in costs he incurred in this matter.

---

[1] The judgment has been satisfied.

Although the motion was granted, the fees were limited to $14,000, together with uncontested costs of $268.50, for a total award of $14,268.50.  As explained in the order, the extreme disparity between the amount in controversy and the fees expended in pursuit of recovery was troubling. That imbalance was the primary reason for finding it unreasonable to shift responsibility for paying a greater percentage of the fees actually incurred.

On appeal, the Ninth Circuit concluded that in light of the substantial reduction in the fee award from the amount claimed, a more fulsome explanation of the basis of decision was mandated. While the appellate court did not foreclose the possibility that the amount awarded on remand would not increase, it also questioned other aspects of the decision—such as the use of a "blended rate."

On remand, the parties were invited to submit further briefing as to the issues remaining to be decided, both as to the original fee motion and as to a motion for supplemental fees filed prior to the appeal.[2]  Plaintiff submitted such a brief, and also filed a second supplemental fee motion, seeking recovery of an additional $1490 for post-remand work.  Presumably out of a desire not to perpetuate the fees-on-fees cycle endlessly, defendant elected not to submit any additional briefing.

Plaintiff correctly observes that, by applying a "blended rate" the prior order effectively found that the rates charged by his counsel were reasonable in the relevant geographic market, and rejected defendant's arguments to the contrary.  Although the prior order applied a blended rate for ease of calculation,[3] the underlying conclusion of reasonableness of the claimed rates is reaffirmed here.

The prior order limited the number of hours for which fees would be awarded to 35 in total. As noted, the conclusion that 35 hours represented a reasonable number of hours predominately reflected a judgment that it was not appropriate to spend over $20,000 in the pursuit of a claim for

---

[2] The supplemental motion claimed an additional $2,200 incurred after the filing of the original fee motion.

[3] The Ninth Circuit pointed out that in view of a significant difference in the number of hours incurred by different timekeepers, using a blended rate potentially distorted the analysis.  Although that difference worked in plaintiff's favor to offset some of the disallowed hours, this order will instead use the actual billing rates.

slightly over $3000.  The Ninth Circuit decision here observed that evaluating a fee motion requires "considering some or all of twelve relevant criteria set forth in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67 (9th Cir. 1975)."  *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868-69 (9th Cir. 2014) (quoting *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir.1988)).  The amount in controversy is one of the relevant considerations under the *Kerr* factors.  *See Quesada*, 850 F.2d at 539 n. 1.

Although the Ninth Circuit indicated that the amount of the original fee award in this case theoretically might be justifiable with further explication, the effect of its opinion is that the amount of the reduction imposed is no longer supportable through such heavy reliance on the amount in controversy.  Indeed, as the original order noted, and the Ninth Circuit echoed, plaintiff did not bear primary responsibility for the fact that this matter became considerably more protracted than the "quick and inexpensive mechanism" envisioned by the statute. Thus, while it remains somewhat troubling that such large sums were expended when the stakes were so small, it must also be acknowledged that a plaintiff should not automatically be forced to abandon a claim merely because the process of recovery becomes protracted for reasons largely beyond his or her control.  Additionally, at least in some circumstances, the value of principle and precedent may warrant recovery expenditures in substantial excess of the amount in controversy.

Other *Kerr* factors, such as the time and labor required, and the results obtained, largely support the amount of the fees claimed, and no factor weighs strongly against the claim other than the small amount at stake. Review of plaintiff's billing records reveal timekeeping practices that generally were reasonable.  While defendant has challenged the billing rates, it has not identified instances of unreasonable time expenditures, other than arguing that post-judgment work should not be compensable, and raising a question regarding one of the attorneys who consulted in the matter.  Neither of those criticisms is persuasive.

That said, plaintiff acknowledges that courts are vested with discretion to impose a "haircut" on fee claims of up to 10 percent, even without specific explanation.  Here, the remaining concern about the amount in controversy is more than a sufficient basis on which to base such a reduction.  Plaintiff's fee applications total $26,275 ($22,585 + $2200 + $1490).  Fees will be awarded in 90%

3

of that amount, $23,647.50, together with the uncontested costs of $268.50, for a total award of $23,916.

Although this order provides plaintiff with nearly all the relief he sought, it should not be taken as any kind of endorsement of the protracted litigation and subsequent fee battle that took place here. Regardless of the degree to which either or both parties are to blame, there can be no real justification for the amount of public and private resources that have been devoted to resolving what was approximately a $3000 dollar dispute. In the event this order does not finally resolve the matter, the parties should bear that in mind before incurring yet more fees on fees, or seeking recovery thereof.

IT IS SO ORDERED.

Dated: April 28, 2015

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE